Graham, Judge,
delivered the opinion of the court:
This case grows out of an alleged informal contract under which the plaintiff seeks to hold defendant responsible for loss by reason of expenditures in the erection of buildings and the purchase of machinery and materials on the assurance by the representative of the defendant that plaintiff would receive orders for motors. The plaintiff did make certain expenditures after it had arranged as a subcontractor to furnish motors to the Wisconsin Motor Manufacturing Co., and it manufactured and delivered 1,270 motors, for which it was paid. The conferences out of which this alleged arrangement grew were held with Major Glover! and Major Browne, who were connected with the motor equipment section of the Ordnance Department, United States Army. Major Glover had authority to contract for the needs of the motor transport service. Major Browne had no such authority. His duties were to make surveys of the sources of production, ascertain the quantities of production, and prepare purchase requisitions. He negotiated agreements and made recommendations relative thereto to the contracting officer. The alleged assurance, so far as Major Browne is concerned, if made, was without authority. Major Glover denies that he entered into any arrangement of the kind relied upon by plaintiff.
So at the outset the plaintiff is met by a denial of its alleged contract by the representative of the defendant who is claimed to have made it, and the facts found do not sustain its claim. They show only an assurance upon the part of the Government’s representative that an effort would be made to protect it in the payment of its bills by holding up the pay of the principal contractor, and plaintiff was paid for all motors delivered by it. Plaintiff’s claim, if anything, is on an arrangement authorizing it to make certain expenditures for buildings and equipment, and to *277 reimburse it for loss growing out of failure to receive orders. This court in the case of Jacob Reed's Sons v. United States, 60 C. Cls. 97, 105, 106, held that an officer in the Quartermaster’s Department, with authority to expedite production, had no authority to contract for the rent and equipment of buildings, or for compensation to plaintiff for an outlay by a promise of future contracts.
The plaintiff has failed to show such a contract as is required under the Dent Act. Baltimore & Ohio Railroad Co. v. United States, 57 C. Cls. 140, 150; 261 U. S. 592, 596. The petition should be dismissed, and it is so ordered.
Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.